UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LUY MEDINA,                                               *DKT#: 17-CV-3195*

                      Plaintiff,                        **COMPLAINT**

   - against -                                  **JURY TRIAL DEMANDED**

                                                  **ECF CASE**

CITY OF NEW YORK, and
Police Officer Randys Figuereo (shield 19407);
POLICE OFFICER "JOHN DOE" #1 through #3,
individually and in their official capacity.
 (the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------------x

       Plaintiff, LUY MEDINA, by his attorney, Law Office of SOPHIA SOLOVYOVA, PC, complaining of the defendants, respectfully sets forth and alleges that:

## I. INTRODUCTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiff's civil rights under the said statutes and the Constitutions of the State of New York and the United States.

## II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, in conjunction with the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws.

3. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in

addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

4. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States.

### III. VENUE

5. Venue resides in this Court pursuant to 28 U.S.C. Section 1391 (b). The Plaintiff resides within the geographic boundaries of this District; and the events giving rise to the asserted claims took place in the geographic boundaries of this District.

### IV. JURY DEMAND

6. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff requests a jury trial on the merits of his several claims.

### V. CONDITIONS PRECEDENT

7. That Notices of Plaintiff's claims, the nature of the claims and the date, time, place and the manner in which the claims arose was duly served upon the City of New York, on December 1, 2016.

8. That Plaintiff submitted to a 50-H hearing as requested and conducted by defendants on March 7, 2017.

9. That more than thirty days have elapsed since the Notice of claim has been served upon defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

10. That this action was commenced within one year and ninety days after the causes of action arose.

### VI. JURY DEMAND

11. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### VII. PARTIES

12. Plaintiff, LUY MEDINA, is a Hispanic male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

13. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

14. The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

15. That at all times hereinafter mentioned, the individually named defendants, were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

16. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

17. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

18. Upon information and belief, Defendant Police Officer John Doe #1 through 3, a natural person, was an employee of Defendant City and is being sued individually and in his or her official capacity.

VIII. FACTUAL ALLEGATIONS

19. On or about On or about November 8, 2016, at approximately 10:00 PM, Defendant Police Officers Figueroa, John Doe #1 and John Doe #2, without any justification, pulled over a car in Harlem, New York, in which Mr. Medina, the plaintiff in this case, was a passenger and

seated in the front passenger seat.

20. The vehicle was driven by Mr. Juan Sanchez who had borrowed the car from his friend.

21. The officers ordered Mr. Medina and Mr. Sanchez, to exit the vehicle and remain outside.

22. The officers searched Mr. Medina and Mr. Sanchez without consent.

23. No illegal substance was found on either Mr. Medina or Mr. Sanchez's body.

24. The officers also searched the inside of the car without consent.

25. The officers allegedly found 4 Xanax pills inside the vehicle.

26. Mr. Medina and Mr. Sanchez explained that the vehicle did not belong to them and that they had no knowledge of the pills.

27. The officers proceeded to arrested Mr. Medina and Mr. Sanchez and brought them to the precinct.

28. Shortly after Mr. Medina was brought to the precinct, the owner of the vehicle, Mr. Sanchez's friend, arrived at the precinct with his prescription bottle for Xanax.

29. Despite having proof that Mr. Medina did not possess any illegal substance, officers transferred Mr. Medina to Central Booking, where he spent close to 17 hours before being released.

30. Mr. Medina repeatedly asked what he was being charged with but Police Officer Figueroa and Police Officers John Doe #1 through #6 did not give him any substantive answer, leaving Mr. Medina extremely distraught and anxious.

31. Before being released at 4pm on November 9, 2016, Mr. Medina was informed that the District Attorney's Office has declined to prosecute charges against him.

32. In total, Mr. Medina spent approximately 18 hours under arrest.

33. There was no probable cause or other lawful basis for the November 8, 2016, detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an

agent and employee of the City of New York;

34. While the November 8, 2016 actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

35. The actions and conduct of the Defendant officers, individually and collectively and independent of each other and together collectively, violated rights guaranteed to the Plaintiff under the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

36. On information and belief, prior to and including November 8, 2016, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

37. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct; and acts of misconduct were instead tolerated by the City of New York.

38. On information and belief, it was the policy and/custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the Defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the Defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff; and otherwise cause him injury and violate his state and federal constitutional rights.

39. On information and belief, the Defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the Defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate

the civil and constitutional rights of the public, such as the conduct complained of by the Plaintiff herein.

40. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

41. As a result of the above described policies and customs, police officers of the City of New York, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

42. The above described policies, practices, and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal guaranteed constitutional and statutory rights of persons within the City.

43. The above described policies and practices and customs propelled the actions and conduct of the Defendant police officers.

44. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and physical pain and suffering.

45. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

46. The Plaintiff has no other adequate remedy at law but for the institution of this litigation.

### IX. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

47. The Plaintiff reiterates Paragraph #'s 1 through 46 and incorporates such by reference herein.

48. On November 8, 2016, the Plaintiff was unlawfully stopped and detained and arrested in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

49. The Plaintiff suffered injuries and damages.

## SECOND CAUSE OF ACTION

50. The Plaintiff reiterates Paragraph #'s 1 through 49 and incorporates such by reference herein.

51. The Plaintiff was subjected to false imprisonment as a consequence and as part of the November 8, 2016 stop, detentions, and arrest, in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

52. The Plaintiff suffered injuries and damages.

## THIRD CAUSE OF ACTION

53. The Plaintiff reiterates Paragraph #'s 1 through 52 and incorporates such by reference herein.

54. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

55. The Plaintiff suffered injuries and damages.

## FOURTH CAUSE OF ACTION

56. The Plaintiff reiterates Paragraph #'s 1 through 55 and incorporates such by reference herein.

57. When the City of New York represents its Officers in federal civil rights litigations alleging unconstitutional actions by its officers (which is almost always the case in 99.99 percent if not more of the situations where an Officer seeks representation), it is believed that it ordinarily and uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

58. It is believed that the Officer-employee executes a retainer indemnification and representation letter which requires the Officer-employee, in return for indemnification, to subordinate his or her interests to the interest of his/her employer and indemnifier –the Defendant City of New York.

59. It is believed, moreover, that, when a judgment is obtained against a New York City Police Officers for an Officer's violation of an individual's federally guaranteed Constitutional and civil rights and where the Officer has been represented by the New York City Attorney's Office and where the City of New York has paid the judgment of damages (compensatory and/or punitive damages), the Officer almost never has been subjected to a New York City Police Department disciplinary hearing and/or the imposition of discipline; and it is believed that, when a settlement has been made in such a litigation, the Officer ordinarily is never even informed of such.

60. It is believed, moreover, that when a judgment is obtained against a New York City Police Officer being represented by the New York City's attorney office for the violation of an individual's constitutional and civil rights, the City of New York takes no action whatsoever to address such and discipline and/or train-retrain the Officer in any form or fashion for his or her unlawful and unconstitutional conduct and/or that the City does not change those policies and practices that propelled said conduct.

61. The City of New York is, under the circumstances, the real party in interest.

62. The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

63. Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

64. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers *under the federal claim jurisdiction* pursuant to the doctrine of *respondeat superior*.

## PENDANT STATE CLAIMS

### FIRST CLAIM FOR RELIEF
### FALSE ARREST, FALSE IMPRISONMENT, ASSAULT AND BATTERY
### UNDER NEW YORK STATE COMMON LAW

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "68" with the same force and effect as if fully set forth herein.

66. Defendants were directly and actively involved in the arrest, and initiation and continuation of criminal proceedings against LUY MEDINA.

67. Defendants lacked probable cause to arrest and imprison LUY MEDINA and subject him to assault and battery.

68. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF
### NEGLIGENCE

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. That Defendants had a duty to Plaintiff to refrain from subjecting him to malicious prosecution.

71. That the Defendants breached that duty when they subjected Plaintiff to false arrest and false imprisonment.

72. The Plaintiff's injuries were proximately related to the actions of the Defendants.

73. That the foregoing injuries sustained by the Plaintiff were caused solely by reason of the

carelessness, negligence, wanton and willful disregard on the part of the Defendants and without any negligence on the part of the Plaintiff, contributing thereto.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendant CITY OF NEW YORK is required to supervise its various agents, servants, and employees, employed by the Defendant CITY OF NEW YORK.

76. That CITY OF NEW YORK created an unreasonable risk of harm to Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents, including the defendants in this case.

77. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant, CITY OF NEW YORK.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant CITY OF NEW YORK is required to adequately train its various agents, servants, and employees, including the defendants in this matter.

80. Defendant CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees, including the defendants in this matter.

81. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

FIFTH CLAIM FOR RELIEF
VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. That the corporate defendant, CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including the defendants in this matter., under the legal theories of "Vicarious Liability" and "Respondeat Superior".

DAMAGES AND RELIEF REQUESTED

1. The Plaintiff suffered injuries and damages.

2. WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

   [a] Invoke the jurisdiction of this Court.

   [b] Award appropriate compensatory and punitive damages.

   [c] Award appropriate declaratory and injunctive relief.

   [d] Empanel a jury.

   [e] Award attorney's fees and costs.

   [f] Award such other and further relief as the Court deems to be in the interest of justice.

Dated: New York, NY
       MAY 1, 2017

By: _____/s/_____
Sophia Solovyova, Esq.
*Attorney(s) for the Plaintiff*
65 Broadway; Suite 734
New York, NY 10006
212 379 6471